UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GENARO RUIZ-CHAVEZ,

        Defendants.

_____/

Case No. 2:25-mj-7

Hon. Maarten Vermaat
U.S. Magistrate Judge

## ORDER OF DETENTION

On February 3, 2025, the Court authorized a criminal complaint charging Defendant Ruiz-Chavez with being found in the United States after a previous removal, in violation of 8 U.S.C. § 1326(a). (ECF No. 1.) The Court also issued an arrest warrant for Defendant. (ECF No. 2.)

The continuation provided with the complaint alleges that Defendant was removed from the United States in 2002, 2005 and 2006. (ECF No. 1-1, PageID.3-4.) The complaint also alleges that Defendant was stopped by Michigan State Police on January 31, 2025, because he was driving a car with an expired registration. (*Id.*, PageID.4.) A U.S. Border Patrol Agent (BPA) then questioned Defendant as to his immigration status, and he admitted that he was a citizen of Mexico. (*Id.*) Defendant admitted during this initial interview that he had reentered the United States by crossing the river near Del Rio, Texas in 2006. The BPA then arrested Defendant and transported him to the U.S. Border Patrol Station in Sault Ste. Marie, Michigan for further processing.

At the Border Patrol Station, the BPA used a biometric identification system to confirm Defendant's identity. (*Id*. at PageID.5.)

In a post-*Miranda* interview, Defendant admitted that he had crossed the river near Del Rio in 2006 and that he knew he was crossing into the United States illegally to avoid detection. (*Id*. at PageID.4.))

Defendant was arrested on the federal complaint and associated arrest warrant on February 3, 2025. He appeared in Court for his initial appearance on February 4, 2025, but this hearing was not completed due a lack of a translator.

The Court resumed the initial appearance the next day, February 5, 2025. Prior to the hearing, the Government moved to detain Defendant pursuant to 18 U.S.C. § 3142(f)(2)(A), alleging that there was a serious risk that Defendant would flee. (ECF No. 4.)

The Court completed Defendant's initial appearance and detention hearing on February 5, 2025. (ECF No. 8.) During that hearing, the Government informed the Court that Defendant is subject to an Immigration and Customs Enforcement (ICE) detainer. The Court took the Government's motion under advisement and now issues its ruling.

The Bail Reform Act, 18 U.S.C. §§ 3141-3156, requires the Court to release a defendant, subject to a number of conditions, unless the Court determines that no condition or combination of conditions will reasonably assure the appearance of the Defendant and the safety of any other person and the community. When the government moves for detention under § 3142(f)(2), the Court is required, first, to

determine whether the government is entitled to a hearing. The government must demonstrate by a preponderance of evidence that such circumstances exist to be entitled to a detention hearing. *United States v. Cobix-Espinoza*, 655 F. Supp. 3d 584, 588 (E.D. Ky. 2023). Here, the undersigned concludes that the facts set forth in the criminal complaint were sufficient to entitle the government to a detention hearing.

In determining whether a condition or combination of conditions will reasonably assure the appearance of the Defendant and the safety of any other person and the community, the Court must take into account the nature of the offense charged, the weight of the evidence against the Defendant, the history and characteristics of the Defendant, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

In conducting this analysis in this case, the Court has considered neither the existence of an ICE detainer nor the chance that the Defendant would be deported from the United States while on bond. The issue here is whether Defendant is a flight risk, not whether some set of circumstances would create a risk of his non-appearance at subsequent hearings in his criminal case.

As noted, Defendant is charged with a violation of 8 U.S.C. § 1326(a). This offense is nonviolent in nature, but it is a felony. The criminal complaint establishes Defendant's history of previous removals from the United States. In addition, during the February 5, 2025 detention hearing, Defendant stated repeatedly that he would like to return to Mexico.

The record before the Court is limited. U.S. Probation did not complete a Pretrial Services Report on Defendant and did not interview him. However, based on the limited record, the Court concludes that the government has shown by a preponderance of the evidence that there is not a condition or combination of conditions that will reasonably assure the appearance of the Defendant. This conclusion is based on Defendant's multiple prior removals and reentries as well as his stated desire to return to Mexico. Therefore, the Court **GRANTS** the Government's motion for pretrial detention of the Defendant at this time.

Defendant has the right to appeal this decision. Defendant may also file a motion for an order directing U.S. Probation to interview Defendant and complete a Pretrial Services Report. Defendant may then, if appropriate under § 3142(f), a motion to reopen the detention hearing.

**IT IS SO ORDERED**


Dated:  February 7, 2025                          /s/ *Maarten Vermaat*
                                                  MAARTEN VERMAAT
                                                  U.S. MAGISTRATE JUDGE